IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE WHEATLEY-EL | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-05-1143 |
| MR. FOSTER[1] | : | |
| Defendant | : | |

...o0o...

MEMORANDUM

This civil rights action was filed on April 26, 2005. Plaintiff alleges that he was deprived of proper medical care for his diabetes and suffered harassment from correctional staff while incarcerated at the Metropolitan Transition Center (MTC). Paper No. 1. Now pending is defendant's motion to dismiss or in the alternative for summary judgment. Paper No. 13. Although plaintiff was advised of his right to file a response in opposition to the motion and of the consequences of failing to do so, he has not opposed the motion. *See* Paper No. 14. A hearing is unnecessary. For the reasons that follow, defendant's motion, which shall be construed as a motion for summary judgment, will be granted.

BACKGROUND

Plaintiff alleges that defendant refused to allow him to receive medical treatment for his diabetes. Paper No. 1. Specifically, he states that he was only permitted to go to the "hospital" two times a week for tests to monitor his insulin levels. Paper No. 4. He explains that if his sugar level is over 150 he is required to take insulin and the only way to determine his sugar level is through

---

[1]The correct spelling of defendant's name is Foster. Paper No. 13 at Ex. 4. Accordingly, the Clerk shall be directed to correct the caption of the docket in this case to reflect the proper spelling of defendant's name.

administration of a finger stick test. *Id*. In addition, he claims correctional officers are trying to hurt him in any way possible and that he is having "problems with the medical staff". *Id*.

Defendant seeks dismissal for failure to exhaust administrative remedies and, in the alternative, summary judgment on the merits. Paper No. 13. Although defendant claims plaintiff was receiving proper medical care, the only evidence submitted to support that statement are the medical records.[2] The medical records establish that plaintiff was in fact provided with insulin level tests two times weekly. *Id*. at Ex. 2. On occasions when plaintiff required it, he was provided with glucose gel and offered a repeat test. *Id*. at pp. 5-7. On two of those occasions, plaintiff refused to remain in the medical department for observation and a follow-up test. *Id*. at pp. 6-7.

With respect to defendant Foster's alleged interference in plaintiff's medical care, Foster asserts in his affidavit that he has never done anything to prevent plaintiff from seeing medical staff when required. *Id*. at Ex. 4. He explains that inmates who want medical attention are required to submit a sick call slip for that purpose. *Id*. In some instances the MTC hospital is called and correctional staff are advised as to the appropriate steps to take. *Id*. In an emergency, correctional staff transport the inmate to the hospital immediately. *Id*. He claims that plaintiff has attempted several times to provoke staff to be placed on lock-up and be separated from general population. *Id*. Finally, he asserts that he has never threatened plaintiff, nor has he witnessed any other staff member threatening to harm plaintiff. *Id*.

STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to

---

[2] Defendant presents no narrative regarding plaintiff's medical care in the motion for summary judgment. Paper No. 13 at p. 2.

any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e)

> therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"  *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

ANALYSIS

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment."  *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Objectively, the medical condition at issue must be serious.  *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).   Proof of

an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Id*. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

The only defendant named in the complaint is Lt. Foster, a correctional officer. Beyond plaintiff's bald assertions that defendant attempted to thwart his efforts to obtain proper medical care for his diabetes, there is no evidence to support the allegation. The unopposed motion for summary judgment refutes plaintiff's assertion, there being no evidence to suggest that Foster prevented plaintiff from testing his blood. The undisputed fact that plaintiff was provided with tests to monitor his insulin levels twice per week also does not suffice to establish that an Eighth Amendment violation has occurred in this case. Rather, plaintiff's disagreement with the number of tests provided to him is simply a disagreement with a medical decision and cannot form the basis of a

5

constitutional violation. The court notes that plaintiff has not named any medical personnel as parties defendant in this case.

## CONCLUSION

In sum, plaintiff's failure to refute the evidence adduced, and bearing in mind the nature of his allegations, defendant is entitled to judgment as a matter of law. Accordingly, by separate order, defendant's motion shall be granted.

Filed: November 1, 2005               \_/s/_____
                                      Andre M. Davis
                                      United States District Judge